### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1.   DEMETRIUS BOSTIC, | ) | |
| | ) | |
|         Plaintiff, | ) | |
| v. | ) | CIV-14-452-C |
| | ) | |
| 1.   FOUNTAINS AT CANTERBURY SL, LLC, a/k/a THE FOUNTAINS RETIREMENT COMMUNITY, d/b/a THE FOUNTAINS AT CANTERBURY, and | ) ) ) ) ) | |
| 2.   WATERMARK RETIREMENT COMMUNITIES, INC., d/b/a WATERMARK RETIREMENT COMMUNITIES & AFFILIATES, d/b/a THE FOUNTAINS AT CANTERBURY, | ) ) ) ) ) ) | |
| | ) | **Jury Trial Demanded** |
|         Defendants. | ) | **Attorney Lien Claimed** |

### COMPLAINT

**COMES NOW THE PLAINTIFF**, Demetrius Bostic, and for his causes of action against the Defendants would herein allege and state as follows:

### PARTIES

1. The Plaintiff is Demetrius Bostic, an African American adult male residing in Oklahoma County, Oklahoma.

2. The Defendants are:

    A. Fountains at Canterbury SL, LLC, a/k/a The Fountains Retirement Community, d/b/a The Fountains at Canterbury, an entity conducting business in Oklahoma County, Oklahoma; and

    B. Watermark Retirement Communities, Inc., d/b/a Watermark Retirement Communities and Affiliates, d/b/a The Fountains at Canterbury, an entity conducting business in Oklahoma County, Oklahoma.

**JURISDICTION AND VENUE**

3. This is a cause of action arising out of Plaintiff's former employment with Defendants and is based on the following claims: (1) violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981 in the form of race discrimination, the creation of a racially hostile work environment, and retaliation for complaining of racism; (2) violation of Title VII of the Civil Rights Act of 1964 in the form of the creation of a sexually hostile work environment and retaliation for complaining of the same; (3) violation of the ADA, as amended, and the ADAAA in the form of disability discrimination and retaliation; and (4) violations of the Family and Medical Leave Act ("FMLA").

4. Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331.

5. Plaintiff has exhausted his administrative remedies as to the above-listed claims by timely filing a Charge of Discrimination with the EEOC on or about October 7, 2013. His Notice of Right to Sue from the EEOC is dated March 27, 2014, which Plaintiff received thereafter by mail. He has timely filed his Complaint within ninety (90) days from his receipt of the same.

6. The Defendants are located in Oklahoma County and can be served in such county. All acts complained of occurred in Oklahoma County. Oklahoma County is located within the Western District for the United States District Courts of Oklahoma, wherefore, venue is proper in this Court under 28 U.S.C. § 1391(b).

**STATEMENT OF FACTS**

7. Plaintiff, a Black male, began his employment with Defendants on or about May 14, 2010 as a Certified Nursing Assistant ("CNA"). During his employment, Plaintiff reported to CNA Supervisor Mary Shrum (who is White).

8. In or around the Spring of 2012, Plaintiff began being subjected to a sexually

hostile work environment at work. Particularly, a family member of one of the resident's who visited Plaintiff's worksite several times per week began sexually harassing Plaintiff and other male employees. The family member (a White male) routinely made inappropriate, unwelcome and offensive sexual comments to Plaintiff and other male employees. The family member also groped Plaintiff in a sexually offensive manner. In fact, it is undisputed that at least three (3) of Defendants' employees reported the family member's sexual harassment.

9. Such conduct was offensive to Plaintiff, and, therefore, he reported the unlawful sexual harassment to his supervisor, Shrum. However, no remedial action was taken and the conduct continued.

10. On or about March 1, 2013, Plaintiff was involved in a car accident unrelated to his job. Plaintiff notified Defendants of his injuries. Due to his injuries from the accident, Plaintiff was off work for approximately two (2) days before returning to work under continuing doctor's restrictions. Plaintiff had ongoing treatment related to his injury continuing through June 2013.

11. Plaintiff is a qualified individual with a disability within the meaning of the ADA and ADAAA in that he was disabled, has a record of disability, and/or was perceived as disabled. His disabilities substantially limit and/or limited him in one or more major life activities, including but not limited to lifting, pushing, pulling, and walking. His disabilities impact one or more of his internal bodily processes, including but not limited to normal musculoskeletal and nerve function. However, despite serious injuries to his neck and cervical spine, including neck pain and radicular arm pain secondary to a cervical disk displacement, Plaintiff was able to perform the essential functions of his job and comply with the job description provided to him upon his hire, with or without reasonable

accommodations.

12.     During this time, one of Plaintiff's co-workers, CNA Roman Thompson (who is Black), also reported the family member's inappropriate acts, which included propositioning Thompson for sexual favors and following Thompson.

13.     During Plaintiff's employment, he was also subjected to racial slurs and less favorable treatment by several of Defendants' residents.  They would frequently refer to Black employees as "black boys" and "nigg***."  Plaintiff found such comments offensive and unwelcome.

14.     Therefore, in or around April 2013, Plaintiff reported the racially derogatory comments to Shrum.  Shrum was dismissive of his race complaint, telling Plaintiff in response that it was "just their generation" and there was nothing she could do about it.

15.     Because the sexual harassment toward Plaintiff and others had not stopped, in or around July 2013, Plaintiff again reported the family member's inappropriate sexual behavior to Shrum and Human Resources Director Wanda Smith (who is White).  In response, Shrum and Smith told Plaintiff that the family member had been happily married for 51 years and that they did not want to break up a marriage.  Significantly, the wife of the family member did not deny the sexually inappropriate conduct.

16.     Shortly thereafter, Plaintiff was told by a co-worker that Shrum had stated that she would not take any action against the family member unless Plaintiff could prove the sexual harassment occurred.

17.     Plaintiff then took his complaints of the sexual harassment to Scott Steinmetz (who is White), Director of Defendants' facility.  Steinmetz said he would look into it. However, no remedial measures were taken.

18.     On or about July 24, 2013, Plaintiff called Defendants' hotline to report the

sexual harassment, harassment for his disability and to inquire into the requirement of the necessity of a full medical release for his injury. Plaintiff stated that he had reported the sexual harassment to Shrum and Steinmetz and that the week prior, he met with Shrum and Smith who told Plaintiff that the family member was on medication that made him unable to control himself, and that should Plaintiff report the sexual harassment to police, the police would tell Plaintiff the same.

19. Also in July 2013, Plaintiff was notified by Smith that he needed a full doctor's release to return to work (related to his March 2013 car accident). However, he had been "returned to work" since March 2013 (four months). No one had told him during those four months that he had to have a full release with no restrictions. And, Defendants' facility was a "no lift" facility, meaning that Plaintiff was able to perform the essential functions of his job with or without reasonable accommodations.

20. On or about July 23, 2013, Plaintiff's doctor notified Defendants that Plaintiff would need to be on light duty until July 25, 2013.

21. Then, on or about July 25, 2013, Plaintiff was told by Smith that he could be eligible for FMLA leave and that Defendants would not accommodate his restrictions. Smith stated that Defendants only offer accommodations in terms of light duty work to employees who have sustained work-related injuries. Defendants have a written policy to that effect and refused to offer Plaintiff light duty.

22. On or about August 2, 2013, Plaintiff's doctor submitted FMLA paperwork to Smith for Plaintiff. Around that time, Smith told Plaintiff that he had six (6) weeks to either get his medical restriction completely lifted by his doctor or be terminated.

23. On or about August 12, 2013, a personnel action form was completed for Plaintiff showing his leave of absence from July 28, 2013 to October 28, 2013. However,

Plaintiff did not sign it.

24.     In addition to being told of his termination in August, on or about November 25, 2013, Plaintiff was sent a termination letter by Smith, claiming his termination was based on the fact that Plaintiff's FMLA had expired on October 25, 2013. However, in the position statement provided by Defendants to the EEOC, Defendants falsely claim that Plaintiff is still a current employee.

25.     As a direct and proximate result of Defendants' actions, Plaintiff has suffered injuries described hereafter.

### COUNT I - 42 U.S.C. § 1981

For his first cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

26.     The matters alleged above constitute violations of 42 U.S.C. § 1981 in the nature of race discrimination, racially hostile work environment, and retaliation.

27.     As damages, Plaintiff has suffered lost earnings, past and future, and emotional distress.

28.     Because the actions of the Defendants were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages as provided by the Civil Rights Act of 1991 and by 42 U.S.C. §1981.

### COUNT II: Title VII (Race and Retaliation)

For his second cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

29.     The matters alleged above constitute violations of Title VII of the Civil Rights Act of 1964, in the nature of race discrimination, racially hostile work environment, and retaliation.

30. As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.

31. Because the actions of the Defendants were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages as provided by the Civil Rights Act of 1991 and by 42 U.S.C. §1981.

### COUNT III: Title VII (Gender)

For his third cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

32. The matters alleged above constitute violations of Title VII of the Civil Rights Act of 1964, in the nature of gender-based discrimination due to the creation of a sexually hostile work environment and retaliation.

33. As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.

34. Because the actions of the Defendants were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages as provided by the Civil Rights Act of 1991 and by 42 U.S.C. §1981.

### COUNT IV: ADA AND ADAAA

For his fourth cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

35. The matters alleged above constitute discrimination and retaliation based on a disability, a record of a disability and/or perceived disabilities in violation of the ADA and ADAAA.

36. More specifically, Plaintiff was a qualified individual with a disability in that he suffers from a physical impairment (including but not limited to injuries to his neck and cervical spine) which substantially limits his ability to perform one or more major life activities as set forth above.

37. Despite said impairments, Plaintiff could perform the essential functions of his job with or without reasonable accommodations at all relevant times hereto.

38. As a direct and proximate result of Defendants' actions, Plaintiff has suffered lost income, past and future, emotional distress and other non-pecuniary losses.

39. Because the actions of Defendants were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

## COUNT V: FMLA

For his fifth cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

40. The matters alleged above constitute interference with and retaliation for Plaintiff's use or attempted use of medical leave in contradiction of the Family and Medical Leave Act.

41. Plaintiff was entitled to medical leave because he suffered from a serious health condition (including but not limited to injuries to his neck and cervical spine) and worked for Defendants, an entity with more than 50 employees within a 75 mile radius of Plaintiff's work site, for more than one (1) year and for more than 1,250 hours within the one year prior to his need for leave.

42. Defendants interfered with Plaintiff's use of FMLA leave by firing him while he was on FMLA leave and also retaliated against Plaintiff for using medical leave by terminating Plaintiff from his employment.

43. As the direct and proximate result of Defendants' actions, Plaintiff has suffered injuries and is entitled to recovery of all damages or other relief allowed by the FMLA.

## PRAYER

**WHEREFORE THE PLAINTIFF** prays that this Court enter judgment in favor of the Plaintiff and against the Defendants and award actual damages, compensatory damages, liquidated damages, and punitive damages, together with any appropriate equitable relief, pre- and post-judgment interest, costs and attorney's fees.

**RESPECTFULLY SUBMITTED THIS 2nd DAY OF MAY, 2014.**

        s/Jana B. Leonard
        JANA B. LEONARD, OBA# 17844
        EMILY VAN VOLKINBURG, OBA# 31744
        LEONARD & ASSOCIATES, P.L.L.C.
        8265 S. WALKER
        OKLAHOMA CITY, OK 73139
        (405) 239-3800     (telephone)
        (405) 239-3801     (facsimile)
        leonardjb@leonardlaw.net
        emilyv@leonardlaw.net

        JURY TRIAL DEMANDED
        ATTORNEY LIEN CLAIMED